UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TODD R. PEARSON, | ) | CASE NO. C05-0400-RSL |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| DETECTIVE HAROLD HENTEL, et al., | ) | |
| Defendants. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that King County Police Detective Harold Hentel obtained a false confession from plaintiff by threatening him with physical harm. Plaintiff further alleges that Detective Hentel and King County Police Officer D. R. Wilson, through their negligent conduct, caused plaintiff to be deprived of personal property. Plaintiff asks that he be awarded damages to compensate him for the negligent conduct of defendants.

Defendants now move to stay plaintiff's claim regarding his confession and to dismiss plaintiff's claim regarding the deprivation of property. Plaintiff has filed no response to defendants' motion. This Court, having reviewed defendants' motion, and the balance, concludes that defendants' motion should be granted.

DISCUSSION

Coerced Confession

Plaintiff alleges in his complaint that after he was arrested by defendant Hentel on August

REPORT AND RECOMMENDATION
PAGE -1

6, 2003, on charges of raping a child, defendant Hentel used threats of physical injury to coerce a confession from him. Defendants argue in their pending motion that plaintiff's claim regarding his confession should be stayed under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), because plaintiff is currently being prosecuted in state court and is litigating his coerced confession claim in his state court criminal proceedings.

The *Younger* abstention doctrine precludes federal injunctions of pending state criminal prosecutions absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004), the Ninth Circuit concluded that *Younger* abstention principles apply to damages actions as well as to actions for injunctive and declaratory relief. The Ninth Circuit also concluded in *Gilbertson* that where abstention principles apply, a damages action should be stayed rather than dismissed.

Because plaintiff is apparently seeking damages in this civil rights action based upon a claim which is currently being litigated in plaintiff's state court criminal proceedings, and because plaintiff makes no showing of extraordinary circumstances which would justify this Court's intervention in those proceedings, *Younger* abstention principles apply. Thus, under *Gilbertson*, this Court must stay plaintiff's civil rights action with respect to his coerced confession claim until his state criminal proceedings have concluded. Defendants' motion to stay plaintiff's coerced confession claim should therefore be granted.

Deprivation of Property

Petitioner also alleges in his complaint that defendants Hentel and Wilson acted to deprive him of personal property. Specifically, plaintiff alleges that defendant Hentel called plaintiff's ex-girlfriend and told her that she could keep plaintiff's house and everything in it. He further alleges that defendant Wilson, while conducting a "civil stand-by" in September 2003, refused to allow plaintiff's parents to collect property belonging to plaintiff from his ex-girlfriend. Defendants argue in their pending motion that plaintiff's claim regarding the deprivation of property should

be dismissed because plaintiff has an adequate post-deprivation remedy available to him under state law.

The Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. However, where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Washington State provides a post-deprivation remedy for the alleged tortious conduct of city and county employees' under RCW 4.96. The record does not reveal any due process inadequacy in the tort remedy provided under RCW 4.96. Thus, plaintiff's deprivation of property claims are not arguable § 1983 claims because Washington law provides an adequate post-deprivation remedy for the alleged loss. Accordingly, defendants' motion to dismiss plaintiff property deprivation claims should be granted.

## CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion to stay plaintiff's claim regarding his coerced confession and to dismiss plaintiff's claims regarding deprivation of property be granted. This Court further recommends that this action be stayed pending resolution of plaintiff's state court criminal proceedings. A proposed order accompanies this Report and Recommendation.

DATED this  15th  day of June, 2005.

Mary Alice Theiler
U.S. Magistrate Judge