UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TODD R. PEARSON, | ) | CASE NO. C05-0400-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| DETECTIVE HAROLD HENTEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Todd Pearson filed this action on March 11, 2005, while he was awaiting trial in King County Superior Court. Plaintiff's complaint identified two bases for relief: (1) that King County Police Detective Harold Hentel obtained a false confession from plaintiff by threatening him with physical harm; and, (2) that Detective Hentel and King County Police Officer D. R. Wilson, through their negligent conduct, caused plaintiff to be deprived of personal property. (*See* Dkt. No. 7.)

On May 2, 2005, defendants filed a motion to stay plaintiff's claim regarding his confession and to dismiss plaintiff's claim regarding the deprivation of property. (Dkt. No. 10.) Defendants' motions were granted on July 18, 2005, and plaintiff's claim regarding his confession was stayed

REPORT AND RECOMMENDATION
PAGE -1

01 pending final resolution of plaintiff's state court criminal proceedings. (Dkt. No. 12.) On April

02 18, 2006, defendants filed a status report advising the Court that judgments had been entered in

03 plaintiff's state court criminal proceedings. (Dkt. No. 14.) Defendants now move for dismissal

04 of plaintiff's claim regarding his confession on the grounds that this remaining claim is barred by

05 *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has filed no response to defendants' motion.

06   In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question

07 the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the

08 conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of

09 habeas corpus." *Id*. at 489. Plaintiff contends in this action that following his arrest by defendant

10 Hentel on August 6, 2003, on child rape charges, defendant Hentel used threats of physical injury

11 to coerce a confession from him. The record reflects that plaintiff pleaded guilty on March 29,

12 2006, to charges arising out of his August 2003 arrest. It thus appears that a finding in plaintiff's

13 favor on his claim that defendant Hentel coerced a confession would necessarily call into question

14 the lawfulness of plaintiff's conviction. As plaintiff makes no showing that his current confinement

15 has been invalidated or impugned in any respect, it appears that his § 1983 claim is not cognizable

16 in these proceedings.

17   As plaintiff's remaining claim is not cognizable in these proceedings, this Court

18 recommends that defendants' motion to dismiss be granted, and that this action be dismissed with

19 / / /

20 / / /

21 / / /

22

REPORT AND RECOMMENDATION
PAGE -2

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 27th day of June, 2006.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3